# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 06673 | **DATE** | 1/5/2011 |
| **CASE TITLE** | Woiwood vs. City of Chicago et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion to remand [6] [7] is granted. Plaintiff's request for payment of costs, expenses, and attorney fees is denied. The Clerk shall remand this case to the Circuit Court of Cook County.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Dennis Woiwood's motion to remand this case against Defendants, City of Chicago, Officer Kevin Kelly, and Officer Theresa Thompson to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c). Woiwood initiated this case on July 3, 2008. He filed an amended complaint on February 13, 2009. He filed a second amended complaint on September 17, 2010. Woiwood first argues that there is no basis to remove this case because his second amended complaint does not allege a section 1983 violation. Next, he argues that the request for removal is untimely. Finally, Woiwood asks the Court to determine that the filing of the notice to remove was frivolous. For the following reasons, Woiwood's motion to remand this case is granted, and Plaintiff's request for payment of costs, expenses, and attorney fees is denied.

When reviewing a motion to remand, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." Wirtz Corp. v. United Distillers & Vintners N. Am., Inc., 224 F.3d 708, 715 (7th Cir. 2000) (citations omitted). The defendant's right to remove a particular action is determined solely from the allegations of a plaintiff's complaint. Jones v. Gen. Tire & Rubber Co., 541 F.2d 660, 663 (7th Cir. 1976) (citing Great N. Ry. Co. v. Alexander, 246 U.S. 276 (1918)). With these principles in mind, the Court first determines if a federal claim has been asserted.

Initially, the Court agrees with Defendants that Plaintiff's second amended complaint seeks relief pursuant to 42 U.S.C. § 1983. As Defendants acknowledged, "[w]hile the Complaint does not specifically cite to 42 U.S.C. § 1983, such citation in a pleading is obviously not required to invoke the statute." Defs.' Resp. to Pl.'s Mot. to Remand, at 2. "Instead of asking whether the complaint points to the appropriate statute," notice pleading requires a complaint to contain sufficient allegations to give the defendant fair notice of plausible claims and the grounds upon which they rests. Bartholet v. Reishauer A.G. (Zürich), 953 F.2d

| STATEMENT |
|---|

1073 (7th Cir. 1992); see Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

To state a claim under section 1983, a plaintiff must allege that the defendant, under color of law, deprived him of any rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. That is precisely what Woiwood has done. The conduct complained of involves a plausible 4th Amendment violation, with allegations that Defendants used excessive force. The Court therefore finds that Woiwood's complaint plausibly raised a federal question justifying removal. The Court next addresses whether removal of this case was justified as timely.

Pursuant to 28 U.S.C. § 1446(b), notice of removal must be filed within thirty days after the defendant received a copy of the initial pleading or within thirty days after the service of summons upon the defendant, if service is not required. 28 U.S.C. § 1446(b). Defendants argue that removal of this case was timely because "Plaintiff's original Complaint invoked the excessive use of force only insofar as it related to his claim of willful and wanton conduct." Defs.' Resp. to Pl.'s Mot. to Remand, at 3. The Court disagrees.

The original complaint alleges that defendant officers "had no probable cause" to detain, search, seize, enter Woiwood's home, or make an arrest. Complaint, ¶¶ 120-124 . Furthermore, it alleges that the officers used excessive force. As discussed above, although the complaint fails to specify a section 1983 action, these allegations give the defendant fair notice that a federal question is involved in this case. Looking at the entirety of the complaint Defendants knew or should have known at the time of the original Complaint that there was a basis to remove this case.

Defendants next argue that subsequent amendments revived the removability of the suit. The Court disagrees. The subsequent amendments did not state a new cause of action sufficiently independent of the original contentions that it must be treated as a "new piece of litigation for federal purposes even if it bears an old docket number for state purposes." Knudsend v. Liberty Mut. Ins., Co., 411 F.3d 805, 807 (7th Cir. 2005). Defendants were on notice that there is a plausible civil rights claim in the allegations presented in the original complaint, the amended complaint, and the second amended complaint. The Defendants should have removed this case immediately, and have waited too long. Defendants arguments go against what 28 U.S.C. § 1446(b) is designed to do, and works against prompt removal. Accordingly, Plaintiff's motion to remand the case to the Circuit Court of Cook County is granted.

On review on the entirety of the issues raised, the court finds insufficient basis to support awarding monetary sanctions for improper removal. This is an issue upon which reasonable minds could differ. The Court, however, does not find that the notice of filing to remove rises to the level considered to be frivolous. Therefore, Plaintiff's request for payment of costs, expenses, and attorney fees is denied.

IT IS SO ORDERED.